## State, ex rel. Strass, *v.* Tancey.

[No. 20,134.   Filed December 9, 1903.]

Quo Warranto.—*To Oust Justice of the Peace.—Information.*—An information in the nature of a *quo warranto* to oust defendant from the office of justice of the peace, which sets forth that relator and another were duly elected and commissioned justices of the peace in a certain township, and that defendant, who was not elected, had, since the election, been commissioned, and was performing the duties of justice in such township, but which fails to show that the office held by defendant is the office to which relator was elected, is insufficient.

From Superior Court of Allen county; *O. N. Heaton,* Judge.

*Quo warranto* by the State, on the relation of Emanuel Strass, against Michael Tancey. From a judgment for defendant, relator appeals. *Affirmed.*

*T. W. Wilson, J. B. Harper, Walter Olds* and *N. D. Doughman,* for appellant.

*W. P. Breen* and *John Morris, Jr.,* for appellee.

Dowling, J.—This is a proceeding in the nature of *quo warranto* by the State, on the relation of Emanuel Strass, against Michael Tancey to oust the latter from the office of justice of the peace of Wayne township, in Allen county. A demurrer to the information was sustained, and, the plaintiff refusing to amend, judgment was rendered for the defendant. Error is assigned upon this ruling.

The information stated, in substance: That the relator was, on November 4, 1902, and ever since has remained, a *bona fide* resident and elector of Wayne township, Allen county, Indiana, and eligible to the office of justice of the peace of said township; that the terms of office of the several justices of the peace of said township expired November 10, 12, and 14, 1902; that by a change of the statute

fixing the number of justices of the peace in said township only two justices were to be elected in and for said township at the general election held on November 4, 1902; that at said election the said relator, one Benjamin W. Skelton, the defendant Michael Tancey, and one Harry F. France were candidates for said offices, and each of them received votes therefor; that said Skelton received 4,643 votes, the relator Emanuel Strass received 4,360 votes; the defendant Michael Tancey received 4,143 votes; and Harry F. France, 4,104 votes at said election for justice of the peace of said township, and that each of them received a higher number of votes therefor than any other person for whom votes were cast for the said office; that at said election the relator and said Skelton each received a higher number of votes for said office than did either the said Tancey or the said France; that returns of the votes so cast were regularly made by the several boards of election of said township to the proper officers constituting the canvassing board; that said board canvassed the said votes, and declared that the relator and the said Skelton had each received a higher number of votes at said election for the office of justice of the peace of Wayne township than either the said Tancey or the said France, who were the other candidates voted for, and that said relator and said Skelton were each duly elected to the office of justice of the peace of said township; that said board of canvassers issued to said relator and said Skelton each a certificate of election to such office, and also certified such election of said relator and said Skelton to the clerk of the Allen Circuit Court; that said clerk certified the election of said relator and said Skelton to the Secretary of State, and that thereupon the Governor of this State issued to the relator and to Skelton each a commission to serve as justice of the peace for said township for the term of four years from November 14, 1902; that the relator on November 17, 1902, duly qualified as such justice of

the peace by executing his bond and taking the oath prescribed by law, as also did said Skelton; that the board of commissioners of said Allen county, by order entered of record, designated No. 125 East Main street in the city of Ft. Wayne, in said township, as the place where the relator should hold his office; and that the relator accepted said office, and thereupon entered upon the discharge of its duties at the place so designated; that the board of commissioners, without authority of law, issued to the defendant Tancey, also, a certificate of election, and certified the fact to the clerk of the Allen Circuit Court; that the clerk certified the same to the Secretary of State, and that the Governor issued to Tancey a commission as a justice of the peace of Wayne township, for the term of four years from November 14, 1902; that the said Tancey thereupon qualified as such justice of the peace, and thereby unlawfully intruded into and usurped the functions of said office, which belong exclusively to the relator and said Skelton; that said Tancey was an acting justice of the peace of said Wayne township for four years next preceding November 14, 1902, and was then, and yet is, in possession of the books, dockets, and papers belonging to a justice of the peace of said township, and that he continues to perform the duties of a justice of the peace for said township, and to collect and appropriate the fees in cases brought in his court, which have amounted to $100, although the relator and said Skelton have the exclusive right to hear and determine such cases and to take the fees therein; that before the commencement of this action the relator demanded from said Tancey the books, dockets, and papers of said office in the possession of said Tancey, but the demand was refused, and that Tancey continues to perform the duties of a justice of the peace of said Wayne township, to the damage of the relator $200. The information concludes with a demand that Tancey be adjudged an intruder into and usurper of the said office; that he be ousted therefrom;

that he be ordered to surrender to the relator the books, dockets, and papers in his possession belonging to the office of justice of the peace of said township; and that the relator have judgment for $200 and his costs. The grounds of the demurrer were that the information did not state facts sufficient to constitute a cause of action; and that there was a defect of parties, Skelton being a necessary relator or defendant.

Assuming the truth of all the matters stated in the information, the situation is this: Two justices of the peace for Wayne township, Allen county, were to be elected at the general election held November 4, 1902, and the relator and Skelton were regularly chosen and commissioned as such officers. A third, who was not elected, obtained a certificate of election and a commission, and proceeded to perform the duties of a justice of the peace in the same township. It does not appear that he holds, or claims to hold, the office to which the relator was elected, or that he has intruded into or usurped such office. He may assert title to the office to which Skelton was elected, or he may take the position that the township was entitled to three justices of the peace, and that he received the next highest number of legal votes after the relator and Skelton. In any event, the information fails to show that the office which the appellee claims, and whose duties and functions he performs, is the one to which the relator is entitled. As the information was filed by Strass on his own relation, it was incumbent on him to show by proper averment not only his interest in the office, which is the subject of the information, but also that the defendant had intruded into or usurped that office. He does show his interest in an office, but he does not show that the defendant has in any manner intruded into that office or exercised any of its functions.

By the demurrer and brief of the appellee there is in question, and the question is duly presented, the consti-

tutionality of the act of March 6, 1899 (Acts 1899, p. 510, §§1484a-1484e Burns 1901), but as the information must be held insufficient upon other grounds, it is not necessary to decide the question of the validity of the statute.

Judgment affirmed.